UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEANN RISSLER, on Behalf of Herself and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. __20-212____ |
| V. | § § | |
| SYSTEM ONE HOLDINGS, LLC, | § § § | |
| Defendant. | § § § § | |

**PLAINTIFF'S ORIGINAL CLASS ACTION AND**
**COLLECTIVE ACTION COMPLAINT**

1. Defendant System One Holdings, LLC ("Defendant") required Plaintiff LeAnn Rissler ("Plaintiff") to work more than forty hours in a workweek without additional compensation at the rate of one and one half her regular rate of pay for those hours worked over 40. Defendant misclassified Plaintiff and other similarly situated employees throughout the United States as exempt from overtime.

2. Defendant's conduct violates the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"). *See* the FLSA, 29 U.S.C. § 201, *et seq.*; the PMWA, 43 P.S. §§ 333.101, *et seq.*; and the OMFWSA, Ohio Revised Code ("O.R.C.") § 4111.01, *et seq*. The FLSA, PMWA, and OMFWSA require non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a); 43 P.S. § 333.104(c); O.R.C. § 4111.03. On behalf of herself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b) and as a class

1

action under Federal Rule of Civil Procedure 23. Plaintiff and the Class Members seek to recover their unpaid overtime wages, liquidate damages, expenses, costs of court, and pre and post judgment interest.

## SUBJECT MATTER JURISDICTION AND VENUE

3. This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) which provides that suit under the FLSA "may be maintained against any employer. . . in any Federal or State court of competent jurisdiction."

4. Pendant jurisdiction over the state law claims is proper pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1332(d), the Class Action Fairness Act.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events forming the basis of this action occurring in this District, including many of the wrongs herein alleged. Further, Defendant maintains its headquarters in this District and the decision to not pay overtime wages was made in this District.

## PARTIES AND PERSONAL JURISDICTION

6. Plaintiff LeAnn Rissler is an individual residing in Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendant within the last three years.

7. The FLSA Class Members are all current and former employees paid on a day rate basis for at least one week by Defendant at any time during the three-year period before the filing of this Complaint.

8. The Rule 23 Class Members are all current and former employees who worked in Ohio or Pennsylvania and were paid on a day rate basis for at least one week by Defendant at any time during the three-year period before the filing of this Complaint.

9. The FLSA Class Members and the Rule 23 Class Members shall be collectively referred to as the "Class Members."

10. Defendant System One Holdings, LLC is a Delaware company with its principal place of business in Pittsburgh, Pennsylvania. Defendant may be served process through its registered agent – Cogency Global, Inc. at 600 N. Second St., Harrisburg, PA 17101.

## COVERAGE

11. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

12. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

13. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

14. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

15. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

16. Defendant is a nationwide staffing company that provides services to the oil and gas and IT industries. As its website states, "System One stands as one of the largest professional

staffing firms in the U.S. with more than 8,000 employees and consultants hard at work every day from more than 50 offices and hundreds of client locations." Further, Defendant boasts that it provides "[a] full suite of staffing, recruiting and workforce solutions: **contract and direct hire staffing, managed staffing programs** and more."

(*See* https://www.systemoneservices.com/system-one-story/, last visited April 4, 2019).

17. As noted above, Defendant provides more than 8,000 employees to companies across the U.S. to fill their labor needs.

18. Unfortunately, Defendant fails to pay its employees overtime wages when they work more than 40 hours in a workweek. In fact, Defendant enacted an illegal scheme to create the appearance of overtime wages being paid to workers, when in fact, no additional wages were paid when those employees worked more than 40 hours in a workweek.

19. Plaintiff worked for Defendant from January 2018 to November 2018 in Pennsylvania and Ohio.

20. Defendant paid Plaintiff on a day rate basis.

21. During her employment, it was explained that she would be paid a set amount for each day worked. Indeed, Plaintiff received an email stating as follows

> Regarding a promotion, you would probably fall under the category of a Material Inspector or Construction Quality Coordinator. We have other employees in the field who began, like you, as a Field Clerk, and were promoted to a MI or CQC. Please see below for both positions' pay scales:
> - Material Inspector:
>     - Level 1 - $571.00 (This matches your current day rate pay)
>     - Level 2 - $621.00
>     - Level 3 - $641.00
> - Construction Quality Coordinator:
>     - Level 2 - $716.00
>     - Level 3 - $761.00
>     - Level 4 - $811.00
>         - These rates are 'all in' day rates, including your daily rate and $191.00 per diem.

4

22. In other words, Defendant paid Plaintiff a set amount per day regardless of the number of hours she worked each day or each week.

23. Defendant did not pay Plaintiff a minimum, guaranteed amount each week.

24. Instead, Plaintiff's compensation varied each week depending upon the number of days worked.

25. Worse, Defendant intentionally manipulated Plaintiff's pay records to create the appearance of overtime wages being paid. Again, overtime wages were not actually paid to Plaintiff. The offer letter sent to Plaintiff described this illegal pay system.

| Pay Rate | You will be a paid a day rate of $380.00<br><br>Your straight time hourly rate and overtime rate will be modified each week to equal the pay rate of $380.00 a day. |
|---|---|

26. In other words, Defendant paid Plaintiff a set amount for each day worked and then, after the fact, converted Plaintiff's day rate compensation into an hourly rate and the appearance of overtime wages.

27. The Department of Labor has addressed this precise pay system and has declared it to be illegal. Indeed, 29 C.F.R. § 778.310 states as follows:

> A premium in the form of a lump sum which is paid for work performed during overtime hours without regard to the number of overtime hours worked does not qualify as an overtime premium even though the amount of money may be equal to or greater than the sum owed on a per hour basis…If the rule were otherwise, an employer desiring to pay an employee a fixed salary regardless of the number of hours worked in excess of the applicable maximum hours standard could merely label as overtime pay a fixed portion of such salary sufficient to take care of compensation for the maximum number of hours that would be worked. The **Congressional purpose to effectuate a maximum hours standard by placing a penalty upon the performance of excessive overtime work would thus be defeated. For this reason, where extra compensation is paid in the form of a lump sum for work performed in overtime hours, it must be included in the regular rate and may not be credited against statutory overtime compensation due.**

5

29 C.F.R. § 778.310 (emphasis added).

28. No portion of a worker's day rate pay can constitute overtime wages. Defendant has violated the law.

29. Plaintiff regularly worked over 40 hours each week. In fact, Plaintiff commonly worked at least 12 hours during the majority of days that she worked for Defendant. As a result, Plaintiff frequently worked in excess of 60 hours per week. However, when she worked more than 40 hours, she was not paid any overtime wages for those hours worked in excess of 40.

30. Like Plaintiff, Defendant pays other employees nationwide on a day rate basis.

31. Plaintiff's schedule was similar to the schedule of the Class Members.

32. Like Plaintiff, the Class Members regularly worked more than 40 hours each week and were not paid overtime for those hours worked in excess of 40.

33. The Plaintiff and Class Members were not exempt from the overtime requirements of the FLSA, PMWA, or OMFWSA.

34. Defendant's method of paying Plaintiff and the Class Members was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Defendant's misclassification was not by accident, but a well thought out scheme to reduce labor costs. Defendant knew the requirement to pay overtime to its employees, but intentionally and/or recklessly chose not to do so. Accordingly, Defendant's violations were willful.

## CAUSES OF ACTION

### COUNT I
Violation of the Fair Labor Standards Act
Failure to Pay Overtime
(Collective Action)

35. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

36. This count arises from Defendant's violation of the FLSA for its failure to pay Plaintiff and the FLSA Class Members overtime compensation.

37. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

38. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

39. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

40. Defendant has had an annual gross business volume of not less than $500,000 a year for the three years preceding the filing of this complaint.

41. At all material times, Plaintiff and the FLSA Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

42. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

43. Defendant's compensation scheme applicable to Plaintiff and the FLSA Class Members failed to comply with 29 U.S.C. § 207(a)(1).

44. Defendant knowingly failed to compensate Plaintiff and the FLSA Class Members at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

45. During all relevant times, Plaintiff and the FLSA Class Members were covered employees entitled to the above-described FLSA protections.

46. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COUNT II**
Violation of the Pennsylvania Minimum Wage Act
43 P.S. §§ 333.101 et seq.
Failure to Pay Overtime
(Class Action)

38. Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

39. The PMWA requires employees to receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) in a workweek. *See* 43 P.S. § 333.104(c).

40. Plaintiff and the Rule 23 Class Members in Pennsylvania are covered employees entitled to the protections afforded by the PMWA.

41. Plaintiff and the Rule 23 Class Members in Pennsylvania are not exempt from receiving the overtime benefits afforded by the PMWA.

42. Defendant is a Pennsylvania employer and thus, required to comply with the strictures of the PMWA.

43. By failing to pay its employees for time spent working in excess of forty (40) hours during the workweek, Defendant violated the PMWA.

44. In violating the PMWA, Defendant acted willfully and with reckless disregard of clearly applicable PMWA provisions.

45. Defendant is liable to Plaintiff and the Rule 23 Class Members in Pennsylvania for back wages, attorney's fees, interest, and other relief allowed under the PMWA.

**COUNT III**
Violation of the Ohio Minimum Fair Wage Standards Act
O.R.C. § 4111.01, et seq
Failure to Pay Overtime
(Class Action)

46. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

47. The OMFWSA requires payment of one and one-half times the employee's regular rate for each hour worked per week over 40 hours. *See* O.R.C. § 4111.03.

48. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the OMFWSA. At all relevant times, Defendant has employed and continues to employ "employees," including the Rule 23 Class Members in Ohio and Plaintiff, within the meaning the OMFWSA

49. In denying compensation at the requisite Ohio overtime rate, Defendant violated the OMFWSA.

50. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Rule 23 Class Members in Ohio have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the Rule 23 Class Members in Ohio are entitled to liquidated damages, attorneys' fees, and costs incurred in connection with this claim.

51. Having violated the OMFWSA, Defendant is liable to Plaintiff and the Rule 23 Class Members in Ohio pursuant to O.R.C. § 4111.10 for the full amount of their unpaid overtime and for costs and reasonable attorneys' fees. Additionally, Defendant is liable to Plaintiff and the Rule 23 Class Members in Ohio for an amount equal to twice their unpaid wages. O.R.C. § 4111.14(J).

## COLLECTIVE ACTION ALLEGATIONS

52. As part of its regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

53. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendant and were paid on a day rate basis within the three (3) years preceding the filing of this Complaint to the present.

54. Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

55. Plaintiff has actual knowledge, through observations of and conversations with her co-workers, that a class of similarly situated FLSA Class Members exists who have been subjected to Defendant's policy of not paying the overtime rate for all hours worked over forty. Plaintiff worked with other employees at multiple locations for Defendant.

56. The FLSA Class Members are similarly situated to Plaintiff in that they all performed similar duties, were paid on a day rate basis, and were denied overtime pay.

57. Defendant's failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

58. The experience of Plaintiff, with respect to her employment classification and pay, is typical of other workers across Defendant's business.

59. The specific job titles or precise job responsibilities of each FLSA Class Member does not foreclose collective treatment because liability in this case relates to Defendant's decision to pay its employees on a day rate without overtime.

60. The FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

61. The FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

62. Like Plaintiff, all FLSA Class Members, irrespective of their particular job requirements, are entitled to receive overtime compensation for hours worked in excess of forty during a workweek.

63. The names and addresses of the FLSA Class Members are available from Defendant's records. To the extent required by law, notice will be provided to these individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

64. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

65. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

66. As such, the class of similarly situated employees is properly defined as follows:

**All of Defendant's current and former employees paid on a day rate basis during the three year period prior to the filing of this Complaint to the present.**

### RULE 23 CLASS ACTION ALLEGATIONS

67. Plaintiffs bring this action on behalf of the following class of similarly situated employees, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> **All of Defendant's current and former employees who worked in Ohio or Pennsylvania and were paid on a day rate basis for at least one week during the three year period prior to the filing of this Complaint to the present.**

68. The members of the class are so numerous that joinder of all the members into one action is impracticable. Plaintiff estimates there are approximately 100 or more Rule 23 Class Members.

69. Further, each Rule 23 Class Member has been uniformly affected by Defendant's improper compensation and overtime policies. Thus, there are questions of law and fact common to the classes, including, without limitation the following:

    a. Whether Defendant, based on its uniform and companywide policies has failed to pay overtime to the Plaintiff and the Rule 23 Class Members at the rate of one and one half their regular rates of pay;

    b. Whether Plaintiff and the Rule 23 Class Members are entitled to overtime compensation for services rendered in excess of forty (40) hours per week;

    c. Whether Plaintiff and the Rule 23 Class Members were paid on a day rate basis;

    d. Whether Plaintiff and the Rule 23 Class Member were misclassified as exempt from overtime; and

    e. Whether Defendant acted knowingly, willfully, or recklessly.

70. Plaintiff's claims are typical of the claims of the respective Class she seeks to represent. Defendant's illegal refusal to pay overtime has affected Plaintiff and the Rule 23 Class Members in the exact same way.

71. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class Members. Plaintiff has no interests antagonistic to the Class. Plaintiff has retained counsel

experienced in class and representative actions involving wage and hour claims. Plaintiff's Counsel are committed to prosecuting this action.

72. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1), (b)(2) and (b)(3) because:

    a. The litigation of separate actions by individual members of the class would create a risk of inconsistent judgments which, in turn, would establish incompatible standards of conduct for Defendant;

    b. Defendant, by failing to pay overtime wages to its employees, has acted on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole; and

    c. Common questions of law and fact, as set forth above, predominate over any questions affecting only individual members, thereby rendering a class action the superior procedural mechanism for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity.

73. Moreover, the damages suffered by Plaintiff and the Rule 23 Class Members may be relatively small compared to the expense involved in recovering those sums. The expenses and burden of individual litigation would make it problematic for the individual employees to bring claims on an individual basis. As attorneys' fees are recoverable under the PMWA and OMFWSA, proceeding collectively will minimize the expense ultimately shouldered by Defendant.

## **PRAYER FOR RELIEF**

74. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

b. An equal amount of their unpaid overtime premiums as liquidated damages;

c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

d. Such other and further relief to which Plaintiff and Class Members may be entitled, both at law or in equity.

        Respectfully submitted,

HODGES & FOTY, L.L.P.

By: /s/ Don J. Foty
Don J. Foty, Esq.
***(*Will apply for admission pro hac vice*)***
dfoty@hftrialfirm.com
Texas State Bar No. 24050022
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

LEAD ATTORNEY FOR PLAINTIFF AND CLASS MEMBERS

AND

RUPPERT MANES NARAHARI, LLC

By: /s/ Sean L. Ruppert
Sean L. Ruppert, Esq.
sr@rmn-law.com
PA ID: 314380
600 Grant St., Suite 4875
Pittsburgh, PA 15219
Telephone: (412) 626-5626
Facsimile: (412) 650-4845

LOCAL COUNSEL

Case 2:05-cv-00212-MPB Document 101 Filed 02/11/20 Page 15 of 15

15